UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH SPENCER NIMHAM-EL-DEY,

                Plaintiff,

           -against-

CITY COLLEGE,

                Defendant.

21-CV-10311 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the North Infirmary Command (NIC) on Rikers Island, brings this *pro se* action alleging that Defendant violated his rights. By order dated December 6, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Abdullah Spencer Nimham-El-Dey brings this action against City College arising from an event that occurred "circa 2008." (ECF 2, at 4.) He asserts constitutional claims, and also alleges that Defendant has violated his rights under the Radiation Control For Health and Safety Act of 1968. He sues City College, a senior college of the City University of New York (CUNY).

The following allegations are taken from the complaint. In 2008, Plaintiff was walking on Convent Avenue near the City College campus and needed a light for his cigarette. He saw a janitor who was smoking a cigarette near the back of City College with the door open, and Plaintiff asked the janitor if he could light Plaintiff's cigarette. Because it was windy outside, the janitor invited Plaintiff inside the building to light his cigarette. Plaintiff let the door close and was unable to open it as it was locked from the inside and the janitor was gone. Plaintiff screamed for the janitor but did not receive a reply. Plaintiff then "wander[ed] aimlessly" looking for a way out and, without knowing it, entered the college's "molecular biology radiation chamber." (*Id.* at 5.)

A security officer knocked Plaintiff out of his wheelchair, "dragg[ed]" him into the security office, stole his '[k]nap sack full of personal items," and "violently interrogated" Plaintiff by cuffing him to a pole and beating him in the head with a "large telephone book" until Plaintiff was unconscious. (*Id.* at 6.) Plaintiff woke up in the precinct office and was arrested for trespassing. Plaintiff was later released and the case was dismissed.

Plaintiff alleges that since the incident, he has suffered headaches, blurry vision, frequent nose bleeds, tearing, shakes, "limp limbs," ringing in his ears, syncope, paranoid delusions, problems thinking, and problems with his hand and eye coordination. (*Id.*) He alleges that these injuries arose from being beaten by the security guard and "from being locked in said radiation chamber." (*Id.*) He also asserts that he was "racially, nationally, and religiously discriminated against" by the security guard." (*Id.*)

In the section of the complaint form in which he is asked to briefly state the relief he is seeking, Plaintiff writes, "see attached," but the complaint does not include an attachment. (*Id.* at 7.)

## DISCUSSION

A.  **Claims Under 42 U.S.C. § 1983**

Because Plaintiff alleges that Defendant violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

   1.  **Statute of Limitations**

It appears that Plaintiff's Section 1983 claims are time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff alleges that the events giving rise to his claims occurred in 2008 and his allegations demonstrate that he was aware of the injuries forming the basis of his claims at that time. Plaintiff therefore had until 2011 to file a timely claim. Because Plaintiff filed this complaint in 2021 – at least 11 years after his claims accrued – his claims are untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired.[2] *See Pearl*, 296 F.3d at 82-83.

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

2.   **Eleventh Amendment Immunity**

Even if Plaintiff's Section 1983 claims were timely, they must be dismissed because they are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless

---

[2] In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

CUNY's senior colleges qualify as arms of the State of New York. *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 81 (2d Cir. 2004) ("Is a CUNY senior college an 'arm of the state' and therefore immune from suit? . . . [W]e find that it is."); *Barry v. City Univ. of New York*, 700 F. Supp. 2d 447, 452 (S.D.N.Y. 2010) ("The question of whether CUNY constitutes an 'arm of the state'—at least insofar as the conduct in question relates to a "senior college" such as Hunter—was decisively settled in *Clissuras*."). City College is one of CUNY's senior colleges, and therefore is an arm of the state. *See, e.g.*, *Davis v. City of New York*, No. 94-CV-7277, 1996 WL 243256, at *5 n.1 (noting that City College is a "senior college" and is therefore an arm of the state for Eleventh Amendment purposes). Thus, under the Eleventh Amendment, City College is immune from liability and Plaintiff's claims against it are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B.  **Radiation Control for Health and Safety Act of 1968**

Plaintiff also purports to assert claims under the Radiation Control for Health and Safety Act of 1968, Pub. L. 90-602, 82 Stat. 1173 (codified at 21 U.S.C. §§ 360hh to 360ss) (RCHSA). Congress's purposes in adopting the RCHSA was

> to provide for the establishment by the Secretary [of Health and Human Services] of an electronic product radiation control program which shall include the development and administration of performance standards to control the emission of electronic product radiation from electronic products and the undertaking by

> public and private organizations of research and investigation into the effects and control of such radiation emissions.

Pub. L. 90-602, 82 Stat. 1173-74 (1968).

The RCHSA prohibits manufacturers and others from, among other things, selling a product that does not meet certain prescribed standards; failing to furnish certain information as required by law; failing to comply with requirements to remedy defects; failing to maintain certain records; and failing to provide reports or required information. *See* 21 U.S.C. § 360oo. The RCHSA does not contain a private right of action to obtain money damages. *See* 21 U.S.C. § 360pp. Nor do Plaintiff's allegations suggest that Defendant violated any of the RCHSA's requirements. The Court therefore dismisses any claims Plaintiff seeks to bring under the RCHSA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's factual allegation indicate that the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted and as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 28, 2021
         New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge